**UNITED STATES of America**

v.

**John W. THOMPSON, Jr.**

**Crim. No. 373-68.**

United States District Court
District of Columbia.

Jan. 6, 1969.

———◆———

Jean Dwyer, Washington, D. C., for defendant.

Lawrence Lippe, Asst. U. S. Atty., Washington, D. C., for plaintiff.

PRATT, District Judge.

On consideration of appellant's motion for reduction of appeal bond and for release on personal recognizance pending appeal, the United States Court of Appeals on December 31, 1968 remanded the record to this Court for a written statement of reasons by the District Judge to be filed within seven days and for such reconsideration as the District Judge may deem necessary.

RECONSIDERATION OF
PREVIOUS ORDER

Upon reconsideration of its previous order setting bond at $10,000 pending appeal, after a review of the record including the presentence report, and in the light of the opinion in Russell v. United States, D.C.Cir., May 29, 1968, 402 F.2d 185, it is this 6th day of January, 1968

Ordered that (1) the previous order of this Court setting bond at $10,000 pending appeal be set aside and (2) that the appellant be held in custody without bond pending appeal.

## STATEMENT OF REASONS

The Court has reason to believe that no one or more of the conditions of release as set forth in the statute (18 USC Section 3146) will reasonably assure that the appellant will not flee or pose a danger to any other person or to the community (18 USC Section 3148). In reaching this consideration this Court took into account the following factors:

1. The appellant, a 33-year-old male, was convicted of armed rape and two other serious felonies. Despite the appellant's denial of being present at the scene of the offenses, the evidence of guilt was overwhelming and the alibi testimony so incredible as to raise questions of perjury. While appellant's prior criminal record is not exceptional and reveals no convictions for crimes of violence, the present offenses and the method of their commission indicate a violent disposition on the part of the appellant which poses a danger to the complainant who, according to the testimony, was threatened by appellant prior to trial, as well as to the community generally.

2. Since no application under 18 USC Section 3146(d) was made to this Court to review the conditions of release, this Court was given the name of no person who could be designated to supervise appellant. The Court neither knows nor imagines anyone who could properly perform this function. The possibility of "work-release" is not regarded as feasible because of appellant's very spotty record of employment in recent years which indicates a basic instability and lack of motivation.

3. Restrictions on travel, association or place of abode during his period of release, in view of appellant's past way of life and despite appellant's numerous family ties, will provide no assurance that appellant will not flee or pose a danger to any other person or to the community.

4. The execution of an appearance bond and deposit in the registry of the Court of a sum not to exceed 10% of the amount of the bond is not practical because such a bond, in view of appellant's lack of assets, would have to be in such a minor amount as to provide no effective deterrent to flight.

5. The bail bond of $10,000 previously set has not been able to be met because of appellant's alleged impoverished condition.

6. In short, the Court regards this appellant as a danger to the community who, facing a long sentence, may possibly flee the jurisdiction. It knows of no conditions of release and none were suggested to it which can meet these risks.

In view of the foregoing, this Court has not considered whether the appeal is frivolous or taken for delay.