**UNITED STATES of America, Appellee,**

v.

**Samuel F. MANARITE, Appellant.**

**No. 35153.**

United States Court of Appeals, Second Circuit.

Argued Aug. 12, 1970.

Decided Aug. 12, 1970.

Joel M. Friedman, Special Atty., United States Dept. of Justice (Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, on the papers), for appellee.

H. Elliot Wales, New York City, for appellant.

Before LUMBARD, Chief Judge, and ANDERSON, Circuit Judge, and CANNELLA, District Judge.*

* Sitting by designation.

PER CURIAM:

We deny in open court the motion of Samuel F. Manarite for bail pending appeal from his conviction for using extortionate means to collect a loan in violation of 18 U.S.C. § 894. A sentence of 15 years imprisonment and $5,000 fine was imposed by Judge Palmieri on July 16, 1970, following a three day trial, at which time Judge Palmieri denied admission to bail.

From the minutes of the hearing, it emerges that Judge Palmieri's reasons for denying bail were that Manarite's continued freedom would constitute danger to the community and there was doubt regarding his continued availability to serve his sentence in the event of affirmance of his conviction.

The evidence at Manarite's trial showed that he enforced the payment of usurious loans by threats of violence. In 1968 he had pleaded guilty to a reduced charge of third-degree larceny in the New York City courts and it is not denied that in connection with this larceny he had carried a blackjack. The evidence further shows that at the time of his arrests for the 1968 and the present offenses, he carried brass slugs.

Regarding Manarite's dependability to respond to court orders, the record shows that he has had no legitimate means of support during the last fifteen years and his activities are not confined to the New York area. His home appears to be in Las Vegas where his family lives.

Although ordered to appear for sentence on July 12, 1970, he failed to appear so that Judge Palmieri felt compelled to issue a bench warrant, whose execution was stayed for 24 hours. Manarite finally appeared the following day claiming that he had been detained in Los Angeles for medical reasons.

The record adequately supports Judge Palmieri's denial of bail. We agree with the reasons for the denial of bail and we deny bail pending appeal for the same reasons.

Having indicated to Manarite's counsel that we would expedite the hearing of the appeal, counsel nevertheless requested the full 40 days from the docketing of the record provided by the Federal Rules of Appellate Procedure. On the other hand the government was willing to accept a short period for filing its brief.

Accordingly, we order that appellant's brief be filed by September 16, the government's brief by October 1, the appeal to be heard the week of October 5, 1970. Should appellant file his brief prior to September 16, which brief may be in typewriting, we will entertain an application for hearing the appeal at an earlier time.

We take this occasion again to call to the attention of the district judges the requirement of Rule 9(b): "If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken." The district judge should state clearly and categorically his reasons for denying bail so that in reviewing his decision this court, and the Circuit Justice, may be fully advised regarding the basis for his action.

In this case we have had to study extensive minutes and listen to argument of counsel in order adequately to be advised as to the findings of the district court. Of course an opinion stated on the record of the bail hearing is sufficient compliance with the requirement of a written opinion, but we do not consider extensive colloquy without any definite statement in conclusion to be in accordance with the Rule.