STATE of North Dakota, Plaintiff and Appellee,

v.

Ervin Alfred STEVENS, Defendant and Appellant.

Crim. No. 523.

Supreme Court of North Dakota.

Oct. 7, 1975.

Charles J. Gilje, State's Atty., Jamestown, for plaintiff and appellee State of N. D.

Vance K. Hill, Bismarck, for defendant and appellant.

VOGEL, Judge.

The appellant, who was convicted of first-degree manslaughter of a two-year-old child who died of traumatic injuries to the abdomen, has appealed from his conviction. The appeal will be argued in two or three months. Pending the disposition of the appeal, the appellant "moves this court to authorize his release from custody at the State Hospital upon his completion of the Alcoholic Treatment Program in which he is currently participating until such time as his appeal to this court is finally decided."

The motion is made pursuant to the provisions of Rule 9(b), North Dakota Rules of Appellate Procedure, which reads:

"Application for release after a judgment of conviction shall be made in the first instance in the trial court. If the trial court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the supreme court or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The supreme court or a judge thereof may order the release of the appellant pending disposition of the motion."

Rule 46(d), North Dakota Rules of Criminal Procedure, is identical. Both are modeled after the identically numbered Federal rules.

We deny the motion, with leave to make a similar motion to the district court.

The motion raises important questions not previously decided in this State as to release on bail pending appeal.

The general rule seems to be that a defendant who has not been tried and therefore is presumed innocent is entitled to be released on bail except when charged with an offense punishable by death or when compelling circumstances justify pretrial confinement to assure the appearance of the defendant when required.[1] See Rule 46(a), N.D.R.Crim.P., Rule 46(a), F.R. Crim.P., and Federal Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152.

It is impossible to lay down specific guidelines for release of persons who have been convicted of crimes and sentenced to imprisonment who choose to appeal the convictions. The facts of each crime differ and the nature of each defendant differs, and consequently the decision must be made in each case on its own facts.

Several considerations suggest the denial of motions for release. There no longer is a presumption of innocence when a defendant has been convicted; on the contrary, there is a strong presumption of guilt. Some defendants file appeals for the purposes of delay, even though they have little or no hope of a reversal. And some appeals are merely frivolous. These considerations tend to enforce a common assumption that persons convicted of crime and

---

1. The death sentence, formerly possible in very limited circumstances in this State, has now been eliminated. Whether bail may be refused in cases which formerly were capital we do not decide.

sentenced to confinement should be confined while the appeal is pending.

On the other hand, it is abhorrent to our sense of fairness and procedural due process that a defendant who has a meritorious appeal and a good chance of obtaining a reversal should be confined during the time required to obtain the reversal.

■ The opposing views as to release on bail of convicted defendants have been reconciled into a general rule that a convicted defendant is entitled to release while the appeal is pending only if it appears (1) that the appeal is not frivolous, (2) the appeal is not taken for the purpose of delay, (3) there is sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee, and (4) there is sufficient reason to believe that the defendant does not pose a danger to any other person or to the community. 3 Wright, Fed.Pract. & Proc., Criminal, § 767.

(1) Is the appeal frivolous in this case? The trial judge forthrightly stated at the time of sentencing that the contemplated appeal from the conviction presented important questions. We have read the transcript and we agree. One such question relates to the admissibility of evidence as to injuries to the decedent child at earlier times while the child was in the care of the defendant. The injuries were reported as accidental and the defendant claims that they were accidents. The prosecution offered evidence as to the injuries on the theory that the jury could conclude that they were caused by the defendant, and that they tended to show that the later fatal injuries were not accidental. We do not anticipate our subsequent ruling on the merits here, but we are satisfied that the appeal is not frivolous.

(2) Is the appeal taken for delay? There is no indication that it is. The parties are proceeding with expedition. Actually, the motive of the appellant is relatively unimportant if he in fact has substantial grounds for the appeal.

(3) Is there reason to believe that the defendant might flee? The trial judge gave consideration to the fact that the defendant had few ties in this State and that he planned to accept employment in the State of Oregon, as well as the fact that he had no record of failure to appear.

(4) Does the defendant pose a danger to others or to the community? At the time of sentencing, the trial judge heard testimony of a psychiatrist and had the benefit of psychiatric examination and presentence reports, and had observed the defendant during a four-day trial. The psychiatrist testified that the defendant was in need of short-term treatment for alcoholism and long-term treatment, which could be on an outpatient basis, for other psychiatric problems. However, the psychiatrist declined to predict the conduct of the defendant while under the influence of alcohol.

■ The trial court denied the motion for release pending appeal. The decision was based upon the defendant's need for immediate treatment for alcoholism and concern over dangers posed to the public, particularly young children, if the defendant were released.

We hold that the trial court acted within its discretion in holding that factors (3) and (4), above, precluded release pending determination of the appeal.

The motion in this court was made some weeks later, near the end of the treatment for alcoholism. The language of that motion discloses that we are asked to take into account the fact that a course of treatment for alcoholism has been completed. However, the trial court has not had an opportunity to rule upon the question of whether the appellant should be released since the treatment for alcoholism was undertaken. Neither the trial court nor this court has any information as to whether the treatment was effective or as to any further testing of the defendant.

In order to come under the express provisions of Rule 9(b), N.D.R.App.P., and Rule 46(d), N.D.R.Crim.P., the appellant must

show that his application for release has been "made in the first instance in the trial court." An application was made in a rather informal manner at the time of sentencing, but no such application has been made at any time since the course of treatment for alcoholism was undertaken.

 Since neither the trial court nor this court has been presented with any record disclosing that the completion of the course for alcoholism has changed the facts upon which the permissible order of the trial court denying relief was based, we affirm the holding of the trial court[2] that the appellant was not entitled to release on bail pending the appeal, and we deny the motion in this court for such release.

The appellant may, however, make a motion to the trial court upon a new or supplemental record asking for release pending appeal. Of course, we express no opinion as to the decision that should be made if such a motion is presented to the trial court.

We suggest that any release pending appeal of the appellant, if it should be permitted by the trial court, can appropriately be conditioned upon the expeditious handling of the appeal. See *United States v. Waldman*, 240 F.2d 449 (2d Cir. 1957).

Motion denied.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

2. A motion to this court to release a defendant on bail pending appeal is for all practical purposes an appeal from the denial of a similar motion by the trial court. See note of Advisory Committee to Rule 9, F.R. App.P.