STATE of North Dakota, Plaintiff
and Appellee,

v.

Janet SCHULER, Defendant
and Appellant.

Cr. No. 542.

Supreme Court of North Dakota.

Dec. 8, 1975.

Benjamin C. Pulkrabek, Public Defender, Bismarck, for defendant and appellant.

John M. Olson, State's Atty., Bismarck, argued by Rolf P. Sletten, Asst. State's Atty., for plaintiff and appellee.

PEDERSON, Judge.

Defendant filed a motion in this court pursuant to Rule 9, N.D.R.App.P., and Rule 46(d), N.D.R.Crim.P., for an order granting her release pending appeal from a judgment of conviction. The motion is supported by the affidavit of defendant's attorney, wherein it is stated that: (1) he is defendant's attorney; (2) defendant sent him a letter saying that defendant had decided to take her case to a higher court; (3) he received that letter on November 14, 1975; (4) that letter requested him to appeal; and (5) that letter was timely under Rule 45(e), N.D.R.Crim.P.[1] Also attached to the motion was a copy of the order of the trial court which concluded that defendant should not be admitted to bail or released on her own recognizance pending appeal, and stating reasons therefor.

Rule 9(b), N.D.R.App.P., and Rule 46(d), N.D.R.Crim.P., require this court to promptly determine motions for release pending appeal upon the papers, affidavits, and portions of the record as the parties shall present.

The defense counsel and the state's attorney presented much information to us concerning the defendant, her habits, and her record in the lower court. This information, which may or may not be in the record which we have not seen, was presented to us not in affidavit form but as statements of fact in the briefs and oral arguments of the counsel. Other than the trial court's order no part of the record below is before us.

The trial court, having access to the record and having seen and heard the defendant, applied principles which we prescribed in *State v. Stevens*, 234 N.W.2d 623 (N.D.1975). On the basis of the record we agree with the trial court. The motion for release pending appeal is denied.

1. A copy of the letter was made a part of the affidavit.

Statements and representations made by counsel in the briefs and oral arguments would not lead us to a different conclusion.

ERICKSTAD, C. J., and SAND, PAULSON and VOGEL, JJ., concur.