STATE of North Dakota, Plaintiff
and Appellee,

v.

Leonard J. AZURE, Defendant
and Appellant.

Cr. No. 540.

Supreme Court of North Dakota.

May 12, 1976.

Arne F. Boyum, Jr., State's Atty., Rolla, for plaintiff and appellee State of North Dakota.

Bruce E. Bohlman, Grand Forks, for defendant and appellant; argued by Mr. Bohlman and Robert Gagen, Senior Law Student, Grand Forks.

VOGEL, Justice.

The appellant, convicted of robbery after a jury trial, has appealed. This opinion relates to his motion in this court to be released pending determination of the appeal. The motion is made under Rule 9, North Dakota Rules of Appellate Procedure, and Rule 46, North Dakota Rules of Criminal Procedure. A similar motion was denied by the trial court. We likewise deny it.

It is indicated that two Indian males, who were separately tried, drove up to a pedestrian woman carrying a purse which contained a payroll. One of the men got out of the car and beat the woman and took the purse. He got back into the car and was driven away. The State contended that the defendant Azure was the driver of the car. He was identified by two persons as having been in the vicinity at about the time of the robbery and he and the other defendant were arrested together shortly afterward in a vehicle. We need go no farther into the factual background of the prosecution.

On motions for release pending appeal we are guided by the rule stated in *State v. Stevens*, 234 N.W.2d 623 (N.D. 1975); *State v. Schuler*, 236 N.W.2d 631 (N.D.1975); and *State v. Olmstead*, —— N.W.2d —— (N.D.1976). The rule is that a defendant is entitled to release while the appeal is pending only if it appears (1) that the appeal is not frivolous, (2) that the appeal is not taken for the purpose of delay, (3) there is sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee, and (4) there is sufficient reason to believe that the defendant does not pose a danger to any other person or to the community.

While the State contends that the appeal is frivolous, it appears that substantial questions are raised on the merits as to the accuracy of visual identification of the defendant and the constitutionality of a photographic identification of the defendant. We therefore hold that the appeal is not frivolous. There is no indication that it was taken for delay.

The appellant argues that his record of appearances while on bail before trial and after trial and before sentence requires us to hold that there is reasonable assurance that he will not flee. We would not go so far as to hold that a good record of prior appearances creates a mandatory requirement of post-conviction release pending appeal, since, as we noted in *State v. Olmstead, supra,* there may be less hope of avoiding incarceration after sentence than before and therefore a stronger motive to flee. Here, the trial court did not base its decision upon lack of assurance that the defendant would not flee, and neither do we.

The problem arises over the fourth requirement, that there be sufficient reason to believe that the defendant does not pose a danger to any other person or to the community.

The trial court, in its order denying release pending appeal, included the statement that

". . . the circumstances of the crime of which the defendant was convicted in this instance, and for which he presently is confined, are those of violence against the person of another, and due consideration having been given to the defendant's past record for violence as disclosed by the presentence report, and his past record, and this court deeming the defendant's reasons for release devoid of merit;

". . . the defendant's motion is in all things dismissed and denied."

It appears that the defendant has three misdemeanor convictions, for assault, disorderly conduct, and malicious mischief. He has now been convicted of the crime of robbery, a crime of violence. Under our prior decisions, cited above, we are bound to give substantial weight to the findings of the trial judge, who had an opportunity to observe the defendant during a jury trial, and concluded that release of the defendant pending appeal would create a danger to the public.

We therefore conclude that the motion for release pending appeal should be denied.

The appellant argues that the burden of establishing that the defendant is likely to flee and poses a danger to the community rests with the State. We disagree. The North Dakota rule on release after conviction, Rule 46(d), N.D.R.Crim.P., is silent both as to factors to be considered by the trial court before release pending appeal and as to the relative burdens of proof carried by the State and the defendant on this issue.

Through case law, this court has recently set forth the factors the court is to consider in its decisions on release. See *State v. Stevens, supra.* The *Stevens* criteria are adapted from the Federal statute on release after conviction, 18 U.S.C. § 3148, contained in the Bail Reform Act of 1966 [Pub.L. 89–465, 80 Stat. 214], 18 U.S.C. § 3146, et seq., and from the Federal rule governing release from custody, Rule 46, F.R.Crim.P., as amended in 1972.

The Federal rules presume release on bail before trial, but this presumption fades after conviction. *Glynn v. Donnelly,* 470 F.2d 95 (1st Cir. 1972). Before conviction, the burden is on the State to show why bail should be denied. 18 U.S.C. § 3146; Rule 46, F.R.Crim.P. After conviction, Rule 46(c) of the Federal rules shifts the burden to the defendant to show that he will not flee and that he will not pose a danger to the community, before he can be released. We adopt this rationale in construing our Rule 46(d), N.D.R.Crim.P.

There is an additional reason for affirmance in this case. We note that the trial judge relied in part upon a presentence report which, we may assume, considered such matters as defendant's reputation for violence, any violent actions of his which did not become the subject of criminal convictions, and other material pertinent to sentencing but not admissible at a criminal trial.[1] The presentence report is not a part

1. In determining whether an applicant for release after conviction poses a danger to the community, it is proper for the trial court and the reviewing court to take notice of the de-

of the record in this court. It is the duty of an appellant who alleges error to bring up the entire record on the point as to which error is alleged. *Starr v. Morsette*, 236 N.W.2d 183 (N.D.1975). In the absence of the presentence report, we could very well hold that the appellant has not borne his burden of proving error, and could very well assume that the contents of the presentence report would be supportive of the decision of the trial judge to deny the motion for release pending appeal. See *Starr v. Morsette, supra*; *State v. Schuler, supra*.

The appellant urges us to treat this motion as an original matter to be determined anew in this court, and not as an appeal from the district court. In the latter case, of course, we would affirm the district court unless satisfied that the findings of the court were an abuse of discretion.

 As we noted in *State v. Stevens, supra*, a motion for release pending appeal, after the denial of a similar motion in the trial court, is considered as both an original

proceeding in this court and for all practical purposes an appeal from the discretionary decision of the district court. *State v. Olmstead, supra*. Whether we treat it as an appeal, affirming the district court unless it abused its discretion, or whether we treat it as an original motion in this court, and give substantial deference and weight to the findings of the trial judge, the result in this case is the same. In fact, it is an original motion in this court, and we treat it as such. But the result would be the same if we treated it as an appeal.

The motion is denied.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

---

fendant's presentence report, evidence at trial, and any criminal charges presently pending against him. *United States v. Erwing*, 268 F.Supp. 877 (N.D.Cal.1967). See also *State v. Olmstead, supra,* holding that the trial court properly considered testimony of the State's witnesses, psychological reports, and its observation of the defendant during the trial when determining whether the defendant should be released pending appeal.

Rule 46(d) does not necessarily require a separate hearing on the issue of release pending appeal. The rule contemplates that the trial judge should make a discretionary determination based upon the evidence revealed at trial as well as upon any evidence submitted on the motion to release. Although we do not require a separate hearing in every case, the defendant is entitled to produce evidence relevant to his motion for release either by testimony or by affidavit if he so desires.