**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth DAVIES, Defendant and Appellant.**

**Crim. No. 563.**

Supreme Court of North Dakota.

July 21, 1976.

Maury C. Thompson, Bismarck, for defendant and appellant.

Donavin Grenz, State's Atty., Linton, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

On May 25, 1976, the defendant Kenneth F. Davies was found guilty of the charge of burglary in violation of Section 12.1–22–02(1), N.D.C.C. On June 3, 1976, the district court in and for the County of Emmons, sentenced Davies to pay a fine of $500, costs of prosecution of $744.80, restitution of $35 and to imprisonment in the state penitentiary for a term of five years with credit for 114 days previously served. Davies has filed a notice of appeal and a motion for release pending appeal from conviction. On the basis of the motion, this court ordered the State to appear and show cause why we should not issue an order releasing the defendant on bond or on his own recognizance pending the appeal of his case on the merits.

At the time set for the hearing on the order to show cause, the state's attorney of Emmons County appeared and presented arguments in opposition to Davies' release pending appeal, and the defendant, through counsel, appeared and presented arguments urging his release during the pendency of the appeal. Time was extended to both parties to file further supporting affidavits and additional briefs as the parties deemed necessary.

■ The general rule, which Justice Vogel first phrased for us borrowing from 3 Wright, Federal Practice and Procedure: Criminal § 767, at 263 (1969), applied to a motion for release from custody following conviction pending appeal, is that a convicted defendant is entitled to release while the appeal is pending only if it appears "(1) that the appeal is not frivolous, (2) the appeal is not taken for the purpose of delay, (3) there is sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee, and (4) there is sufficient reason to believe that the defendant does not pose a danger to any other person or to the community." *State v. Stevens,* 234 N.W.2d 623, 626 (N.D.1975). *See also State v. Schuler,* 236 N.W.2d 631 (N.D.1975); *State v. Jensen,* 241 N.W.2d 557 (N.D.1976); and *State v. Olmstead,* 242 N.W.2d 644 (N.D.1976).

■ It is our view that the defendant seeking release pending appeal has the burden of proving that conditions justify release rather than that the State has the burden of disproving them. *See State v. Azure,* 241 N.W.2d 699, 701 (N.D.1976).

Let us consider the conditions in the order in which they were stated in *Stevens.*

In *Stevens* the trial court stated at the time of sentencing that the contemplated appeal from the conviction presented important questions. No such statement has been made by the trial court in the instant case.

In support of his contention that the appeal is not frivolous, Davies asserts that on appeal he would argue that a patrolman

was erroneously permitted to testify concerning confessions he made because the proof of the voluntariness of the confessions was insufficient. He would further argue that certain physical evidence was received without proper foundation.

The allegations are so lacking in specificity, that they are hardly convincing that the appeal is not frivolous.

As to condition number two, that the appeal be not taken for purposes of delay, little effort has been made to show that delay is not the purpose, the sole argument being that since the defendant is in the penitentiary he would not wish to delay his appeal. That sounds plausible except for the fact that if he is released pending appeal, his appeal will in effect delay the time of his incarceration.

It is with conditions three and four (as enumerated in *Stevens*) that the defendant has the most difficulty.

Condition three requires that there be sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee. That the defendant will not flee is highly questionable in light of his failure to appear for trial and the incredible explanation for his failure to appear. The defendant's explanation indicates that on the night prior to the morning of the scheduled hearing, instead of making himself available for the hearing in Linton, he traveled to Medora, then to Beach, then to Belfield, then to Watford City, then to New Town, then to Plaza where he ran out of gas at about 4:00 a.m. He had to have his car repaired before he could proceed to Coleharbor where he placed a telephone call to the office of his attorney in Bismarck to inform the attorney's secretary that he would not be able to be present for the hearing in Linton since it was then past nine o'clock, at which time the hearing was to have commenced.

The record discloses that Davies was picked up the next day in Grand Forks on the basis of a bench warrant issued by the trial court. Apparently before his arrest on the bench warrant, he was arrested and placed in custody in Grand Forks County on another charge.

We do not believe that the fact that Davies may soon collect the remaining $5,000 of an $8,000 inheritance from his father's estate will necessarily induce him to remain in the state should he then be free from custody.

A partial transcript of the sentencing hearing discloses the court's thinking:

"It is my feeling that the defendant should not be released in view of his failure to appear without justification on May 18, 1976, at 9:00 o'clock a.m., the time set for trial. And also, for further reason, it is my understanding that he has no living parents or home, no fixed place of abode, and is without employment.

"For these reasons, I conclude and determine that bail should not be allowed."

In addition to this statement on the part of the court, an affidavit has been filed with this court signed by the trial court in support of the State's resistance to release pending appeal which discloses that the trial court attempted to secure a pre-sentence report, but that the defendant declined to cooperate with the officer conducting the pre-sentence investigation.

It would appear from the information before us that the trial court was justified in concluding that the defendant is not dependable and, therefore, that a great risk exists that the defendant might flee the jurisdiction of the court should he be released from custody pending appeal.

As to condition number four, that there is reason to believe that the defendant poses no danger to others or to the community, the trial court, in its affidavit, was of the view that the defendant did pose a danger to the community. Since we have not been provided with a complete transcript of the trial court proceedings, nor is the barren pre-sentence report of assistance, we rely upon the trial court for its conclusions relative to the issue of danger to the community. In the future it would be appreciated if the facts supporting such a conclusion were

stated by the court, because a complete transcript is usually unavailable at this stage of the proceedings. We also reiterate that the pre-sentence report, which may have been more informative to the trial court and to us, is inadequate due to Davies' apparent failure to cooperate. Davies' co-operation may have resulted in greater illumination of his social attitudes.

■ From all of the foregoing, we conclude that the trial court did not abuse its discretion in denying the motion for release following conviction pending appeal, and we accordingly deny the motion for such release in our court.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.