STATE of North Dakota, Plaintiff
and Appellee,

v.

Eugene Allen LARSON, Defendant
and Appellant.

Cr. No. 653.

Supreme Court of North Dakota.

Oct. 16, 1978.

John T. Paulson, State's Atty., Valley City, for plaintiff and appellee.

Bickle, Coles & Snyder, Bismarck, for defendant and appellant; argued by Robert J. Snyder, Bismarck.

PEDERSON, Justice.

Eugene Allen Larson was convicted of possession of heroin on April 19, 1978, and was sentenced to serve one year at the State Farm. He appealed to this court and made application to the trial court for release pending appeal. Rule 9, NDRAppP,

and Rule 46(d), NDRCrimP. The trial court denied the application in an order, stating no reasons. Larson thereupon applied to this court for release pending appeal and attached thereto his own affidavit and an affidavit by his attorney.

In Larson's affidavit it is said that (1) he has been confined as a prisoner since June 3, 1978; (2) he was free upon his personal recognizance for ten days after his conviction and freely surrendered himself; and (3) he presents no danger to the public.

Larson also submitted with his application a portion of the testimony of a witness during the trial, Matthias Lee, wherein Lee claims that the heroin was owned and possessed by him (Lee).

"Rule 9(b), N.D.R.App.P., and Rule 46(d), N.D.R.Crim.P., require this court to promptly determine motions for release pending appeal upon the papers, affidavits, and portions of the record as the parties shall present." State v. Schuler, 236 N.W.2d 631 (N.D.1975).

We said in State v. Stevens, 234 N.W.2d 623, 625 (N.D.1975):

"Several considerations suggest the denial of motions for release. There no longer is a presumption of innocence when a defendant has been convicted; on the contrary, there is a strong presumption of guilt. Some defendants file appeals for the purposes of delay, even though they have little or no hope of a reversal. And some appeals are merely frivolous. These considerations tend to enforce a common assumption that persons convicted of crime and sentenced to confinement should be confined while the appeal is pending."

We added that a defendant who has a meritorious appeal and a good chance of obtaining a reversal should not be confined during the time required to obtain the reversal. ■ A defendant seeking release pending appeal, after conviction, has the burden of proving that conditions justify release. State v. Davies, 244 N.W.2d 540 (N.D.1976);

State v. Azure, 241 N.W.2d 699 (N.D.1976). We said, in a footnote in Stevens, supra, at 627, that the motion to this court to release a defendant is, for all practical purposes, an appeal from the denial by the trial court. In State v. Meadows, 253 N.W.2d 436 (N.D. 1977), we said that we did not find any abuse of discretion by the trial court in denying release pending appeal. If compelling reasons justifying release are presented to a trial court, it is an abuse of discretion to deny release. Rules 9, NDRAppP, and 46, NDRCrimP, contemplate that a defendant may be able to carry, in a presentation to this court, the burden of proving that conditions justify release, even though he was not able to do so in an application to the trial court.

In a footnote in Azure, supra, at 702, we said that the rule does not necessarily require a separate hearing on the issue of release pending appeal. See, also, State v. Jensen, 241 N.W.2d 557 (N.D.1976), and State v. Olmstead, 242 N.W.2d 644 (N.D. 1976), where consideration by the trial courts of the motions for release were in conjunction with sentencing hearings. Larson was afforded a hearing before the trial court on his application for release pending appeal. We have no transcript of that hearing but we are informed by counsel that the court considered a presentence report. That report has not been made available to this court.

■ Considering all of the material submitted to this court with this application, we conclude that Larson has not carried the burden of proving that he is entitled to be released while his appeal is pending. Motion to this court for release is denied.

■ Because the trial court failed to state the reasons why Larson should not be released pending his appeal, as required by the rules, we remand to afford Larson an opportunity to submit to the trial court such evidence as he deems pertinent to show that (1) the appeal is not frivolous, (2) the appeal is not taken for purposes of

delay, (3) there is sufficient reason to believe that the conditions of release will reasonably assure that he will not flee, and (4) there is sufficient reason to believe that he does not pose a danger to any other person or to the community. If the trial court refuses release pending appeal, or imposes conditions of release, it shall state in writing the reasons for the action taken.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and EUGENE A. BURDICK,* District Judge, concur.

* Sitting in place of WILLIAM L. PAULSON, J., disqualified.