**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Eugene ENGEL, Defendant and Appellant.**

**Cr. No. 695.**

Supreme Court of North Dakota.

Sept. 26, 1979.

---

Ralph A. Vinje, Bismarck, for defendant and appellant.

John E. Jacobson, Mercer County State's Atty., Stanton, for plaintiff and appellee.

SAND, Justice.

Eugene W. Engel was convicted on 6 August 1979 of Failure to Stop at the Scene

of an Accident Involving Personal Injury and Aggravated Reckless Driving. He was sentenced to serve eight months at the North Dakota State Farm, of which two months were credited for time served before trial. Engel appealed the conviction and made application to the trial court for release pending appeal. The trial court denied the application, and Engel applied to this Court for release pending appeal and release pending disposition of this motion. Rule 9, North Dakota Rules of Appellate Procedure. For the reasons stated in the ensuing opinion, we remand this matter to the trial court with instructions that Engel's motion for release pending appeal be granted, and that sufficient conditions, including limitations on the use of alcohol, be imposed to assure his presence within the jurisdiction should his conviction be affirmed on appeal.

Before discussing the merits of the motion before us, it is necessary to comment on the content of the record as it was submitted for our consideration.

█ It is not enough to merely mention the basic essential facts in oral argument or in the brief. Such facts must also be presented by either an affidavit or by the official record. Initially in this case we were not furnished with any of the facts needed for proper consideration of the motion, nor of the indicia the trial court used in reaching its decision. Under Rule 9(b), NDRAppP, it is the responsibility of the party seeking the benefit of the facts to furnish them in the proper form and manner so that the appellate court may use them, if appropriate, for making its decision.

At the oral argument many post-trial circumstances, of which no mention was made in the record, were offered by counsel for Engel as facts relevant to the motion now before this Court. It was asserted for the first time in oral argument that Engel was a diabetic, and that because the medication he needed to control the disease could not be kept at the institution of his sentence, the North Dakota State Farm, he was being held instead at the North Dakota State Penitentiary. The record was empty of this evidence until an affidavit [1] from the Warden of the North Dakota State Penitentiary was subsequently filed with this Court.

█ We wish to impress upon the North Dakota legal profession the dire necessity of presenting a full and complete record of the material relevant facts to this Court in support of the issues presented. Even if the facts of the case are not disputed they nevertheless need to be properly presented in order for this Court to reach a fair and just determination of the matters before it. In brief, it is the responsibility of the parties to make available the material and relevant facts pertaining to the issues. This Court is required to base its decision upon "such papers, affidavits, and portions of the record as the parties present." Rule 9, NDRAppP, and Rule 46, NDRCrimP.

We now turn to the merits of the motion for release pending appeal.

█ When ruling on a motion for release pending appeal, the trial court in the first instance, and the reviewing court on appeal, must be ever-mindful that following the defendant's conviction, the presumption of his innocence is lost, and in its place rises a strong presumption of his guilt. Notwithstanding, there are occasions when post-conviction release pending appeal is warranted. *State v. Stevens*, 234 N.W.2d 623 (N.D.1975); Rule 46(a), North Dakota Rules of Criminal Procedure; Rule 46(b), NDRCrimP; Rule 9, NDRAppP. Accordingly, a strong presumption of Engel's guilt arose at the time of his conviction and his application for release pending appeal was closely scrutinized in that light.

The usual standard in this jurisdiction is that a convicted defendant is entitled to

---

1. The affidavit of Winston Satran, Warden of the North Dakota State Penitentiary, states as follows:

"I am the Warden at the North Dakota State Penitentiary. I know as a result of my position that Eugene W. Engel was sent to the State Farm, but because the State Farm did not have a refrigerator in which to store his medical supplies, he is presently being housed in the Honor Dorm at the Penitentiary, which is a minimum security housing facility."

release while his appeal is pending when it appears

". . . (1) that the appeal is not frivolous, (2) the appeal is not taken for the purpose of delay, (3) there is sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee, and (4) there is sufficient reason to believe that the defendant does not pose a danger to any other person or to the community." *State v. Stevens, supra* at 626.

See also, *State v. Davies,* 244 N.W.2d 540 (N.D.1976); *State v. Olmstead,* 242 N.W.2d 644 (N.D.1976); and *State v. Schuler,* 236 N.W.2d 631 (N.D.1975).

■ The responsibility of showing the existence of conditions which justify the release of the defendant pending his appeal lies with the defendant, and not with the State to show their absence. *State v. Davies, supra; State v. Azure,* 241 N.W.2d 699 (N.D.1976). Engel had the responsibility of showing that he met the conditions of release pending appeal prescribed in *Stevens* and its progeny.

The trial court, having access to the trial record and having seen and heard the defendant, denied Engel's motion for release pending appeal. Its certified reasons therefor were as follows:

"1. The imposed jail sentence creates a substantial likelihood that defendant would leave this jurisdiction.

"2. Defendant has severed all ties with this community and has purchased, or is in the process, of purchasing a home in Minnesota.

"3. Defendant failed to appear on time for the jury trial.

"4. There is a minimal likelihood that the defendant will prevail on appeal.

"5. After having committed the crimes which the defendant was charged with, defendant failed to contact the police, left the area, and was finally

apprehended six (6) days after the commission of the crime, in the vicinity of the Mandan airport."

■ The decision of the trial court to deny Engel's motion was one of discretion, and a similar motion made to this Court will normally be granted only if there was an abuse of discretion. *State v. Olmstead, supra; State v. Stevens, supra; State v. Schuler, supra.* It is an abuse of discretion for a trial court to deny release if compelling reasons justifying it were presented to the court. *State v. Larson,* 271 N.W.2d 1 (N.D. 1978). Therefore, we must determine, in accordance with the *Stevens* conditions, if there were compelling reasons presented to the trial court which sanctioned Engel's release pending appeal.

We first consider whether or not the appeal of Engel's conviction was frivolous. Engel asserted as the grounds for his appeal that the trial court erred in its denial of a motion by Engel for a change of venue. The basis of this motion was that because of his direct involvement in two severe traffic accidents in the community in which the trial took place, his entanglement in a touchy domestic relations situation, and his well-known problems with alcohol abuse, there existed a prejudice against Engel so great that he could not obtain a fair and impartial trial.[2]

We recognize that the ultimate question to be decided by a trial court in ruling on a motion for transfer of venue on the ground the defendant cannot obtain a fair and impartial trial is whether or not it is possible to select a fair and impartial jury. We also recognize that relief of this nature is normally granted only in exceptional cases. See, Explanatory Note, Rule 21, NDRCrimP. Nevertheless, there are circumstances under which such change of venue is proper and, while we do not anticipate or substitute our ruling on the merits here, we are satisfied that the appeal was not frivolous.

**2.** Rule 21(a), NDRCrimP:

For Prejudice in the County or Municipality.

The court upon motion of the defendant shall transfer the proceeding as to him to another county or municipality whether or not such county or municipality is specified in the defendant's motion if the court is satisfied that there exists in the county or municipality where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial.

■ There is also no indication that the appeal was taken for purposes of delay. The notice of appeal was filed with this Court on 16 August 1979, and the parties are proceeding with expedition. Actually, the motive of the appellant is relatively unimportant if he in fact has substantial grounds for the appeal. *State v. Stevens, supra* at 626.

The third condition of the *Stevens* test is that there be sufficient reason to believe that the condition of release reasonably assure that the defendant will not flee the jurisdiction. The trial court, in its denial of this motion below, found that Engel, after having committed the crime for which he was charged, fled the scene and was not apprehended until six days later near the Mandan airport. Further, the trial court found that Engel severed all his ties with the local community, purchased a home in Minnesota, and failed to appear on time for the jury trial. The trial court reasoned that these facts, coupled with the imposed jail sentence, created a substantial risk that Engel would leave the jurisdiction if he were released pending appeal.

Engel, in his brief and in the affidavit of his attorney which accompanied this application, admitted that he was in the process of erecting a home on some land near Nevis, Minnesota, and urged that he be allowed to complete the house so that his wife and family will have a place to live. He argued that should his conviction be affirmed on appeal, his return to this jurisdiction for the purpose of serving his sentence was assured because he is a co-plaintiff in a lawsuit wherein he could possibly stand to gain a sizable monetary award.

With regard to the fourth condition of *Stevens*, that there is reason to believe that the defendant poses no danger to others or to the community, neither the trial court in its certified reasons for denying Engel's motion for release pending appeal, nor the State in its oral argument on this motion, made reference to this condition or to the dangerous propensities of Engel. Therefore, we find that it is not an issue here.

■ Based solely on the foregoing information as submitted to the trial court and its reaction thereto, we do not believe the trial court abused its discretion in denying the motion.

Nevertheless, as we previously pointed out, circumstances were presented to this Court in oral argument which the trial court could not have been aware of at the time of its decision due to their subsequent occurrence. It was not possible for the trial court to know at the time it denied Engel's motion for release pending appeal that because of his health problems he would be placed in the State Penitentiary rather than in the State Farm to which he was sentenced. We believe that this later consequence is critical to a just resolution of Engel's application. It is our opinion that the risk of Engel not returning to serve the remainder of his sentence should his conviction be affirmed on appeal is outweighed by the fundamental unfairness of subjecting him to imprisonment in the North Dakota State Penitentiary for reasons beyond his control.

Under these circumstances, we remand this matter to the trial court with instructions that Engel's motion for release pending appeal be granted, and that sufficient conditions be imposed to assure his presence within the jurisdiction should his conviction be affirmed on appeal. The trial court is also authorized to impose upon Engel as a condition of release that he seek professional assistance to overcome his problems with alcohol, which appear to be the underlying cause of his present predicament.

This Court retains the authority to entertain a petition for revocation of release pending appeal should it become evident that conditions have substantially changed or that the appellate process is being delayed.

ERICKSTAD, C. J., and SAND, VANDE WALLE, PEDERSON and PAULSON, JJ., concur.