**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Lloyd G. BERGERON, Defendant and Appellant.**

**Cr. No. 912.**

Supreme Court of North Dakota.

May 12, 1983.

Robert J. LaBine, Grand Forks, for defendant and appellant.

J.E. Rick Brown, Asst. State's Atty., Grand Forks, for plaintiff and appellee.

PAULSON, Justice.

Lloyd G. Bergeron was convicted of manslaughter in October 1982 and sentenced to ten years in the state penitentiary on December 7, 1982. The trial court heard Bergeron's post-trial motions to reduce bail of $150,000 on November 2, 1982, and on December 10, 1982. The motions were denied. On December 23, 1982, Bergeron filed a notice of appeal to this court.

■ In March 1983 Bergeron moved for a modification of the conditions of release pending review pursuant to Rule 9(b) of the North Dakota Rules of Appellate Procedure.[1] Proceedings under this rule are intended to be summary in nature. *See State v. Lesmeister,* 288 N.W.2d 57, 58–59 (N.D.1980). The rule states that this court should promptly determine motions for release pending appeal. *See State v. Schuler,* 236 N.W.2d 631 (N.D.1975).

Rule 9(b), N.D.R.App.P., states that a trial court which imposes conditions of release or refuses release pending appeal "shall state in writing the reasons for the action taken". In *State v. Larson,* 271 N.W.2d 1, 2–3 (N.D.1978), this court remanded because the trial court failed to state reasons why Larson should not be released pending appeal as required by the rule. In the instant case the trial judge orally stated the reasons for refusing to reduce bail and these statements are recorded in transcripts included as part of the record before this court. However, we have been required to examine many volumes of the transcript in order to ascertain all of the trial judge's reasons why he denied the motions for reduction of bail.

■ In *United States v. Manarite,* 430 F.2d 656, 666 (2d Cir.1970) (per curiam), the Second Circuit Court of Appeals reviewed a denial of a motion regarding bail pending review and stated:

"We take this occasion again to call to the attention of the district judges the requirement of Rule 9(b) .... The district judge should state clearly and categorically his reasons for denying bail so that in reviewing his decision this court, and the Circuit Justice, may be fully advised regarding the basis for his action.

"In this case we have had to study extensive minutes and listen to argument of counsel in order adequately to be advised as to the findings of the district court. Of course an opinion stated on the record of the bail hearing is sufficient compliance with the requirement of a written opinion, but we do not consider extensive colloquy without any definite statement in conclusion to be in accordance with the Rule."

Although in the instant case the reasons for denying Bergeron's motions are in the record and do constitute "sufficient compliance" with the rule, the trial judge should have incorporated his reasons for the denial into a written memorandum opinion or written order, if only to facilitate judicial review.

In *State v. Stevens,* 234 N.W.2d 623, 626 (N.D.1975), this court first stated the general rule applicable in this case:

> imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the supreme court or to a justice thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties present and after reasonable notice to the appellees. The supreme court or a justice thereof may order the release of the appellant pending disposition of the motion."

1. Rule 9(b), N.D.R.App.P., is virtually identical to Rule 9(b) of the Federal Rules of Appellate Procedure and is identical to Rule 46(d) of the North Dakota Rules of Criminal Procedure. Rule 9(b), N.D.R.App.P., provides:

"RULE 9—RELEASE IN CRIMINAL CASES

"(a) ...

"(b) *Release pending appeal from a judgment of conviction.* Application for release after a judgment of conviction shall be made in the first instance in the trial court. If the trial court refuses release pending appeal, or

" ... a convicted defendant is entitled to release while the appeal is pending only if it appears (1) that the appeal is not frivolous, (2) the appeal is not taken for the purpose of delay, (3) there is sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee, and (4) there is sufficient reason to believe that the defendant does not pose a danger to any other person or to the community."

In the instant case the State apparently concedes that the appeal is not frivolous and that the appeal has not been taken for purpose of delay. However, the State contends that neither should the defendant be released pending appeal, nor should bail be reduced because the defendant poses a danger to the community and because the defendant might flee.

After a defendant has been convicted, there is a strong presumption of guilt. *Stevens, supra* 234 N.W.2d at 625. As a result, after conviction the burden shifts to the defendant to show that he has met the four criteria in the general rule. *State v. Azure*, 241 N.W.2d 699, 701 (N.D.1976). Bergeron submitted six exhibits to this court as additional evidence to support his motion. Four exhibits were affidavits prepared by farmers in the Argyle, Minnesota area who have known Bergeron for many years. They stated that they have no reason to believe Bergeron would flee or that he would represent any danger to others. A letter from a clinical psychologist stated that he had evaluated Bergeron in May 1982 and that his impression was that "he [Bergeron] does not present as an individual who is dangerous or would have a tendency to act out emotionally". A letter from a doctor who conducted a psychiatric and neurological evaluation of Bergeron in April 1982 stated: "I did not feel at that time that Mr. Bergeron was any danger to society or to himself."

Bergeron argued that he poses no danger to the community or to others. He submits that before trial he was released on bail for twenty-six weeks without incident and that his previous offenses did not involve crimes of violence. The State argued that Bergeron does pose a danger to the community because of the sixty-three previous crimes listed on the pre-sentence report and because he has been convicted of the crime of manslaughter. The trial court did not make a determination regarding whether or not it had reason to believe Bergeron posed a threat to the community. Because we cannot find any record showing that the trial court believed Bergeron was dangerous and because the State has submitted no additional evidence on this issue,[2] we do not find that there is sufficient reason to believe that Bergeron poses a danger to any other person or the community.

Bergeron also argued that he would not flee because of his strong community ties to Argyle, Minnesota. The State responded by noting that Bergeron has spent little time in Argyle since 1979; that his children, brothers, and sister live in California; and that the only property he still owns in Argyle is too small for a farming operation. In November 1982 the trial judge extensively questioned Bergeron regarding his family and his future plans for farming. The judge stated that "it appears to the Court that most of the defendant's family ties, certainly the closest of his family ties, are in California rather than in Minnesota". In January 1983 the court considered another motion for reduction of Bergeron's bail and concluded:

"The defendant has sold his farm ... with the possible exception of the 11 acres .... The presentence investigation report shows that his immediate family all live in California .... [T]he connections of the defendant with the neighboring state of Minnesota do not appear to be in fact so strong as that argued by counsel at this time."

The trial court found that there is sufficient reason to believe that bail of $150,000 is

---

**2.** In *State v. Engel,* 284 N.W.2d 303, 305 (N.D. 1979), Justice Sand emphasized the "dire necessity of presenting a full and complete record of the material relevant facts to this Court in support of the issues presented".

necessary to reasonably assure that Bergeron will not flee.[3] We find that the trial court did not abuse its discretion in denying Bergeron's motions for release pending appeal or reduction of bail pending appeal.

The motion for modification of the conditions of release pending review is denied.

ERICKSTAD, C.J., and SAND and VANDE WALLE, JJ., concur.

PEDERSON, Justice, concurring reluctantly.

I have no serious objection to the opinion authored by Justice Paulson. He correctly states the law applicable when someone moves for relief from this court pursuant to Rule 9(b), NDRAppP, except that Justice Paulson does not propose that we act on the motion "summarily."

Our claim that the workload of this court needs some reduction (see SCR 4005 adopted by the Forty-eighth Legislative Assembly) has a hollow ring when we continue the traditional luxury of scheduling oral arguments and writing full-scale opinions in response to a motion that rightly should be handled "summarily" and, perhaps, by a single justice.

Considering all the circumstances, including the news release from the Warden of the State Penitentiary that the prison population has reached maximum and that sheriffs should hold sentenced prisoners in county jails until space becomes available, I believe that it would be in the interest of the State that some reduction in bail be granted in spite of any belief that Bergeron might flee.

---

**3.** In affidavits in support of two of Bergeron's pre-trial motions for bail reduction, Bergeron's counsel stated that the bonding company assigned a man to stay with Bergeron twenty-four hours a day until trial. This is additional evidence supporting the trial court's belief that Bergeron might flee if bail was reduced.