**STATE of North Dakota, Plaintiff-Appellee,**

v.

**Clifford MEADOWS, Defendant-Appellant.**

**Cr. No. 591.**

Supreme Court of North Dakota.

May 12, 1977.

---

1. For the scope of permissible inquiry to impeach a witness, see Rules 607–613, N.D. R.Ev.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for defendant-appellant; argued by James A. Wright, Jamestown.

Kenneth L. Dalsted, Asst. State's Atty., Jamestown, for plaintiff-appellee.

PAULSON, Judge.

This is a motion made pursuant to Rule 46(d) of the North Dakota Rules of Criminal Procedure, and Rule 9(b) of the North Dakota Rules of Appellate Procedure, filed subsequent to the order of the district court of Stutsman County, dated March 30, 1977, denying the motion made by the defendant, Clifford Meadows [hereinafter Meadows], to stay a sentence imposed upon him on March 17, 1977, pending an appeal to this court.

On October 5, 1976, Meadows was operating a motor vehicle in the city of Jamestown while drinking from a beer bottle when he was observed by Cel Novak, Stutsman County deputy sheriff. Deputy Sheriff Novak proceeded to follow the Meadows vehicle to the premises located at 421 Eighth Avenue Northwest in Jamestown, which was Meadows' residence at the time of the incident.

Deputy Sheriff Novak observed Meadows leave his vehicle and enter the building located at 421 Eighth Avenue Northwest, which houses a cafe and gasoline station, with living quarters upstairs. Deputy Sheriff Novak got out of his vehicle and walked to the Meadows vehicle where he observed, on the front floor of the driver's side of the vehicle, an open bottle of beer; and on the front floor of the passenger side of the vehicle, an opened six-pack containing five bottles of beer. Deputy Sheriff Novak did not enter the Meadows vehicle at that time; instead, he attempted to locate Meadows, looking for him first in the cafe and then in the gas station. At the gas station, Deputy Sheriff Novak was told that Meadows was "in the back here some place", so he returned to the Meadows vehicle to seize the open bottle of beer and the five remaining bottles of beer in the six-pack. Deputy Sheriff Novak then proceeded to make a general exploratory search of the Meadows vehicle, looking for more beer. Deputy Sheriff Novak searched the vehicle's glove compartment, the area beneath the seats, and inside the console located between the front seats. In the console, Deputy Sheriff Novak discovered the pistol for which the criminal charge in the instant case was brought—that of carrying a pistol in a motor vehicle without a license, in violation of § 62–01–05, N.D.C.C.

Following a preliminary hearing in the Stutsman County Court of Increased Jurisdiction, Meadows was bound over to the district court of Stutsman County. At his arraignment in the district court, Meadows made a motion to suppress evidence, alleging that the discovery of the pistol was the result of an unreasonable search and seizure which is prohibited by the Fourth and the Fourteenth Amendments to the United States Constitution and by Article I, § 18 of the North Dakota Constitution. Meadows' motion to suppress evidence was denied, following a hearing held on said motion on January 20, 1977. On January 25, 1977, following a court trial, Meadows was found guilty as charged. At that time a presentence investigation was ordered.

On March 17, 1977, Meadows was sentenced to one year at the North Dakota State Farm. Meadows then proceeded to make application to the trial court for a stay of sentence pending appeal. Meadows' application was heard on March 23, 1977, and was denied on March 30, 1977. In the trial court's reasons for refusal to stay sentence pending appeal, the trial court stated, in pertinent part:

". . . the Court was of the opinion in denying the application that in view of the defendant's rather lengthy record of misdemeanors and escapades, as developed by the Pre-Sentence Report, the original of which is hereto attached, that the defendant did pose a danger to others and to the community having been convicted, after court trial, of the crime of carrying a pistol in a vehicle without a license."

The trial court eliminated the other grounds for its refusal to stay sentence pending appeal, namely, that the appeal was taken for delay, or that the appeal was frivolous, or that the defendant might flee. Thus, the trial court's only ground for refusing to stay sentence pending appeal was that it believed that Meadows posed a danger to others and to the community.

Meadows contends that the trial court abused its discretion in refusing to grant a stay of sentence pending appeal to this court. We disagree.

 Although it is impossible to lay down specific guidelines governing the release of persons convicted of crimes and sentenced to imprisonment who choose to appeal their convictions, this court has previously set forth several factors as prerequisites to release pending appeal:

1. That the appeal is not frivolous;
2. That the appeal is not taken for the purpose of delay;
3. That there is sufficient reason to believe that the conditions of release will reasonably assure that the defendant will not flee; and
4. That there is sufficient reason to believe that the defendant does not pose a danger to any other person or to the community.

State v. Jensen, 241 N.W.2d 557 (N.D.1976); State v. Stevens, 234 N.W.2d 623 (N.D. 1975).

 We have no difficulty in concurring with the trial court's finding that the appeal is not frivolous, that the appeal is not taken for purposes of delay, and that the conditions of release could reasonably assure that Meadows would not flee. The only question that remains is whether or not Meadows poses a danger to other persons and to the community if released on bail.

Meadows bases his motion primarily on the fact that as an adult he has had no prior felony convictions and that his arrest in the instant case did not involve the use of a pistol, but, rather, came only as a result of a traffic violation. Further, Meadows points out that his record does not involve any crimes of a violent nature—the most serious of which, as a juvenile, being breaking and entry and arson.

Meadows appears to treat the possession of a nonlicensed pistol in a motor vehicle as a "nonthreatening" crime. However, our Legislature takes an opposite view, assigning to such crime a felony classification in recognition of the public harm a pistol can cause when carried about in such a manner. The same impulse that Meadows used to explain his purchase of the pistol in the first instance could very well inspire the use of such pistol on some future date at a time when he might be short of cash or become angry. Further, Meadows' record of repeated convictions for insufficient fund checks, being a minor in possession of alcohol, and driving while his driver's license was suspended, leads us to believe that his arrest for the crime involved in the instant case might not prevent him from going out and doing exactly the same thing again.

We also take into account the fact that the trial judge had an opportunity, during the trial, to observe Meadows and form an opinion as to his behavior.

We cannot say that the trial court's finding that Meadows poses a danger to others and to the community is without a factual basis, and, thus, we do not find that the trial court abused its discretion in denying Meadows' motion for release pending appeal.

Motion to stay sentence pending appeal is denied.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.