**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Leonard LESMEISTER, Defendant and Appellant.**

**Cr. No. 704.**

Supreme Court of North Dakota.

Jan. 24, 1980.

58 

Albert J. Hardy, State's Atty., and Michael J. Maus, Asst. State's Atty., Dickinson, for plaintiff and appellee; argued by Michael J. Maus.

Murtha & Murtha, Dickinson, for defendant and appellant; argued by Thomas F. Murtha, Dickinson.

PEDERSON, Justice.

Lesmeister has applied to this court for release pending appeal, as he may do pursuant to Rule 9(b), NDRAppP, and Rule 46(d), NDRCrimP. He previously made application to the Stark County Court With Increased Jurisdiction for a stay of the sentence of imprisonment pursuant to Rule 38(a)(2), NDRCrimP, and release pending appeal pursuant to Rule 9(b), NDRAppP. The Stark County Court With Increased Jurisdiction denied the stay and release pending appeal for the following reasons:

"(1) The Court believes the appeal to be frivolous.

(2) The defendant is not appealing from a Judgment of conviction but rather an Order Revoking Suspended Sentence.

(3) The defendant has consistently shown disrespect for the Court's Orders.

(4) The Court believes that the defendant has shown a propensity to 'skip-out'.

(5) The Court believes that the defendant would not reappear voluntarily.

(6) The Court believes that the interests of Justice will be promoted by causing the defendant to serve his time now."

In State v. Stevens, 234 N.W.2d 623, 627 (N.D.1975), in a footnote we said:

"A motion to this court to release a defendant on bail pending appeal is for all practical purposes an appeal from the denial of a similar motion by the trial court."

And, in State v. Azure, 241 N.W.2d 699, 702 (N.D.1976), we said it was both an original proceeding in this court and an appeal from a discretionary decision of the trial court.

We applied the "abuse of discretion" test in denying a motion to stay a sentence of imprisonment in State v. Meadows, 253 N.W.2d 436, 439 (N.D.1977), and in State v. Larson, 271 N.W.2d 1, 2 (N.D.1978), we said that if compelling reasons justifying release are presented to a trial court, it is an abuse of discretion to deny release.

██ To the extent that we are reviewing the decision of the Stark County Court With Increased Jurisdiction, we must determine if there were compelling reasons presented to that court.

"The decision of the trial court to deny . . . [the] motion was one of discretion, and a similar motion made to this Court will normally be granted only if there was an abuse of discretion." State v. Engel, 284 N.W.2d 303, 306 (N.D.1979).

See also, State v. Davies, 244 N.W.2d 540 (N.D.1976); State v. Jensen, 241 N.W.2d 557 (N.D.1976); and State v. Schuler, 236 N.W.2d 631 (N.D.1975).

██ Proceedings under Rule 9(b), NDRAppP, and Rule 46(d), NDRCrimP, are intended to be summary in nature. Both rules specify that in both the trial court and in this court, the determination will be made promptly upon such papers, affidavits, and portions of the record as the parties shall present. This language is adopted from Rule 9(b) of the Federal Rules of Appellate Procedure. The advisory committee notes to the Federal Rule state, in substance, that Rule 9(b) motions require a speedy determination if relief is to be effective. This court has not followed the prac-

tice of summarily determining motions for release pending appeals without oral argument, although we may find it necessary to do so in the future. It appears that defendants are entitled to summary decisions under the rules.

■ It will be the burden of the applicant for release to provide sufficient documentation to permit a summary grant of the release, or it will be summarily denied. In this case we suggested during oral argument that transcripts of the numerous proceedings before the Stark County Court With Increased Jurisdiction might be helpful. Both counsel agreed and those transcripts have now been filed.

The record shows that on May 30, 1978, Lesmeister appeared with counsel and pled guilty to the charge of theft of service in violation of § 12.1–23–03, NDCC, and on July 5, 1978, was sentenced to 365 days in the county jail, with 335 days conditionally suspended. He was forthwith remanded to the custody of the sheriff to begin serving the 30 days.

The suspension was conditioned upon: (1) defendant entering and completing an approved inpatient treatment for alcoholism; (2) payment of $50 per month on court costs, starting one month after completion of alcoholism treatment; (3) attendance at weekly AA sessions after completion of alcoholism treatment and filing attendance reports with the court; (4) obtaining and holding a steady job; and (5) no convictions or violations of any statutes.

On October 11, 1979, Lesmeister appeared on an Order to Show Cause why the suspension of a part of the sentence should not be revoked for failure to perform the conditions imposed. Cash bond of $750 was posted for appearance October 17, 1979.

On October 17, 1979, Lesmeister did not appear but was represented for the first time by present counsel, who asked for a continuance. Continuance was denied, the $750 bond forfeited, and the court directed issuance of a bench warrant.

The record does not show when Lesmeister was arrested on the bench warrant or when he was incarcerated. He was released by the district court on a writ of habeas corpus and next appeared on November 14, 1979. After a hearing, the Stark County Court With Increased Jurisdiction revoked the suspension of the 335 days of the sentence and Lesmeister was again remanded to the custody of the sheriff to serve the remainder of the sentence.

On November 21, 1979, Lesmeister filed with the clerk of the Stark County Court With Increased Jurisdiction, a notice of appeal from the order revoking suspended sentence and from the "Criminal Judgment and Commitment," and made application to that court for release pending appeal. Release was denied for the reasons hereinbefore stated and application was made to this court.

Lesmeister's affidavit in support of his application to the Stark County Court With Increased Jurisdiction in essence states: that Lesmeister believes that his appeal has merit; that it was an abuse of discretion for the trial court to revoke the suspended sentence; that the sentence is far too severe; that the court "probably exceeded its jurisdiction in sentencing"; and that in fact all conditions on suspension that were possible were fulfilled. Lesmeister further avers that there is no reason to believe that he would flee or that he would pose a danger to any person and that, if released, he is assured employment and assistance from his employer in making a $900 payment for child support ordered by the district court.

Lesmeister's affidavit in support of his application to this court disputed each of the reasons given by the Stark County Court With Increased Jurisdiction for denying release. We conclude that, in this case, the determinative issues are: (1) whether or not the appeal has merit, and (2) whether or not Lesmeister's appearance can be later assured if he is now released pending disposition of the appeal.

■ As a reason for denying Lesmeister's release pending appeal, the Stark County Court With Increased Jurisdiction

stated that the defendant was not appealing from a judgment, but rather from an Order Revoking Suspended Sentence. Appeals may be taken from orders made after judgment affecting the substantial rights of a defendant. See § 29–28–06(5), NDCC. An order revoking a suspended sentence is thus appealable. Further, statutes and rules providing for stay of sentence and release from imprisonment pending appeal apply to appeals from orders revoking probation, as well as appeals from convictions. See, e. g., *Fong v. State*, 148 Ga.App. 828, 253 S.E.2d 218 (1979).

█ Although we have not heard argument on the merits of the appeal, and Lesmeister provided us with no affidavit of merits, we believe the record substantiates the possibility of a meritorious appeal. The Stark County Court With Increased Jurisdiction stated that it believed the appeal to be frivolous, apparently on the basis of the fact that the appeal was taken nearly 18 months after the conviction and would appear to be untimely. Under Rule 37, NDRCrimP, an appeal from a judgment shall be filed within 10 days of entry of judgment. "A judgment . . . is entered . . . when it is entered in the criminal docket." The record in this case fails to show when this occurred. Under these circumstances, we conclude that the appeal may well be timely and, consequently, the Stark County Court With Increased Jurisdiction abused its discretion when it concluded the appeal was frivolous.

We next consider the question of whether or not conditions can be imposed which will assure that Lesmeister will appear if he is now released pending appeal. Lesmeister's reliability has been far from exemplary. A previous release on a $750 cash bond failed to assure his appearance. He stated in his affidavit to the trial court and to this court that he cannot post bail in any form. On oral argument to this court, counsel says that he can furnish bail.

Accordingly, we direct that Lesmeister be released pending appeal only on the following conditions:

(1) That, before release, he personally execute a promise to appear, and that he deposit cash with the clerk of the Stark County Court With Increased Jurisdiction in the amount of $1,000, to be forfeited should he fail to appear as required by the court. This is pursuant to statement by counsel to this court referred to above.

(2) That, before release, he pay to the clerk of the district court the sum of $900 toward child support as directed by the district court.

(3) That he be employed in the State of North Dakota and that he not leave the state without prior approval of the Stark County Court With Increased Jurisdiction.

(4) That he abstain from the use of alcohol except as may be prescribed by a medical doctor.

(5) That he violate no law of this state.

(6) That he report his activities each week to the Stark County State's Attorney at such time and place as may be mutually agreed upon.

(7) That the appeal to this court be expedited so that the case may be heard by this court no later than the April Term.

To facilitate further proceedings herein and the appeal on the merits, the record is remanded to the Stark County Court With Increased Jurisdiction forthwith.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I concur in the decision to conditionally release the defendant pending appeal. However, in so doing, I believe we should acknowledge that when a motion for release pending appeal has been denied by the trial court and a subsequent motion for release pending appeal is made to this court the standard we apply is not one of "abuse of discretion" by the trial court but rather a "de novo" review. The majority opinion refers to the "abuse of discretion" standard and notes our decision in *State v. Larson*, 271 N.W.2d 1 (N.D.1978). In that case the trial court failed to state the reasons why

Larson should not be released pending his appeal, as required by the rules, and we remanded to afford Larson an opportunity to submit to the trial court such evidence as he deemed pertinent. However, we also stated:

> "If compelling reasons justifying release are presented to a trial court, it is an abuse of discretion to deny release. Rules 9, NDRAppP, and 46, NDRCrimP, contemplate that a defendant may be able to carry, in a presentation to this court, the burden of proving that conditions justify release, even though he was not able to do so in an application to the trial court." 271 N.W.2d at 2.

If this court considers matters not presented to the trial court we cannot apply an "abuse of discretion" standard.

In this instance Lesmeister did present reasons why he should be released. The trial court also stated the reasons why he should not be released. Those reasons, as outlined in the majority opinion, are sufficient for me to determine that Lesmeister should be released pending appeal. Those reasons are not, however, so compelling that I would conclude the trial court abused its discretion in refusing to release Lesmeister pending appeal. We should not rely upon the "abuse of discretion" standard when we determine not to release a defendant pending appeal and give mere lip service to the standard when we decide to release a defendant pending appeal.