**CITY OF KENMARE, North Dakota, Plaintiff and Appellee,**

v.

**Todd MURRAY, Defendant and Appellant.**

**Cr. No. 1206.**

Supreme Court of North Dakota.

April 29, 1987.

**514**

Glenn Dill, City Atty., Kenmare, for plaintiff and appellee.

Schoppert Law Firm, New Town, for defendant and appellant; argued by Thomas K. Schoppert.

GIERKE, Justice.

Todd Murray was arrested on April 29, 1986, for violation of §§ 20–02–02 (reckless driving), 20–02–08 (fleeing or attempting to elude a police officer), 20–03–14 (operating a motorcycle without driver's license), and 20–03–16 (disregarding the request of a police officer), all provisions of the Kenmare City Code. Murray was properly charged with violating these municipal ordinances and on May 12, 1986, Murray appeared before the Honorable Rodney Carstens in the Municipal Court of the City of Kenmare. Judge Carstens is not legally trained.

At the municipal court hearing on May 12, Murray's "fleeing" charge was dismissed and he pled guilty to his "driving without a license" and "disregarding the request of a police officer" charges. Murray was assessed a twenty-dollar ($20.00) fine for each of these convictions. Murray pled not guilty but was convicted on the "reckless driving" charge during the May 12 hearing. Pursuant to § 20–05–01 of the Kenmare City Code, the municipal court imposed a conditional sentence upon Murray. Murray was sentenced to twenty (20) days in the Ward County Jail, with credit for five (5) days served. Fifteen (15) days of Murray's sentence was suspended on the conditions of good behavior for twelve (12) months and payment of a fine and court costs assessed at one-hundred fifty dollars ($150.00).

Over a month later, on June 17, 1986, an unrecorded hearing was held in municipal court pursuant to § 40–11–12, N.D.C.C. As a result of the June 17 hearing, an order was issued by the municipal court. This order indicated that Murray's suspended sentence was being revoked and that the court was imposing the remainder of his fifteen (15) day jail sentence, beginning on July 1, 1986. The rationale for Judge Carstens' decision to revoke his suspension of Murray's sentence for reckless driving is not revealed in the order but was based upon § 40–11–12, N.D.C.C., and either the inability or the refusal of Murray to pay his fine.

On June 25, 1986, Murray, represented by legal counsel for the first time, appealed from the June 17 municipal court order sentencing him to fifteen (15) days "at hard labor" in the Ward County Jail. The only issue contemplated by Murray's appeal from the June 17 municipal court order is whether an order issued pursuant to § 40–11–12, N.D.C.C., committing a person to jail for nonpayment of a fine, can be reviewed *de novo* by the county court in accordance with § 40–18–19, N.D.C.C., and the North Dakota Rules of Criminal Procedure.[1] The City of Kenmare (Kenmare) opposed Murray's appeal and filed a motion to dismiss his appeal with the Ward County

---

1. Murray also contends that the time for appeal of the reckless driving conviction has not expired because of a lack of indication on the record that Rule 32(a)(2), N.D.R.Crim.P., was complied with. Murray's Notice of Appeal to the county court was from the June 17 municipal court order which involved only the hearing pursuant to § 40–11–12, N.D.C.C. Accordingly, the merits of Murray's reckless driving conviction were not properly before the county court nor are they properly before this Court. Should Murray attempt to appeal from the judgment of conviction, the county court will at that time have an opportunity to consider the timeliness of the appeal.

Court. The Ward County Court granted Kenmare's motion to dismiss Murray's appeal. In its order dismissing Murray's appeal, the county court found that it lacked jurisdiction to hear the appeal. Murray appeals from the county court order dismissing his original appeal from the municipal court order of June 17. Before this Court, Murray argues that Judge Carstens' municipal court order is appealable to the county court and, therefore, the county court has jurisdiction to hear the merits of his claim under §§ 40–11–12, 40–18–19, N.D.C.C., and the North Dakota Rules of Criminal Procedure.

We are asked to determine the appealability of Judge Carstens' June 17 order committing Murray to serve the remainder of his twenty-day sentence handed down at the May 12 hearing. In other words, we are asked to consider the appealability of a commitment order issued by a municipal court pursuant to § 40–11–12, N.D.C.C.

 The right to appeal is determined by statute. *City of Bismarck v. Altevogt*, 353 N.W.2d 760, 762 (N.D.1984). Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed. *City of Bismarck v. Walker*, 308 N.W.2d 359, 361 (N.D.1981).

 Section 40–11–12, N.D.C.C., reveals:

"*Commitment of guilty person for nonpayment of fines or costs.* Any person upon whom any fine or costs, or both, has been imposed for violation of a municipal ordinance may, after hearing, be committed upon order of the court to jail or other place provided by the municipality for the incarceration of offenders until the fine or costs, or both, are fully paid or discharged by labor as provided in section 40–18–12. The court may not commit a person under this section when the sole reason for his nonpayment of fine or costs, or both, is his indigency. An order of commitment under this section shall not be for a period in excess of thirty days. As used in this section, 'fine' does not include a fee established pursuant to subsection 2 of section 40–05–06."

Murray argues that an appeal from an order issued pursuant to § 40–11–12, N.D.C.C., is permitted by § 40–18–19, N.D.C.C.[2] Kenmare contends that an order issued according to the provisions of § 40–11–12, N.D.C.C., is not appealable because it does not meet any of the criteria permitting an appeal as presented in § 29–28–06, N.D.C.C.[3] Kenmare concedes, however, that if Judge Carstens' June 17 order is an order revoking a suspended sentence, then it is appealable pursuant to the provisions of § 29–28–06(5), N.D.C.C. Section 29–28–06(5) permits an appeal from an order made after judgment if it affects any substantial right of a party. *See State v. Lesmeister*, 288 N.W.2d 57, 59–60 (N.D.1980). A review of the June 17 order reveals that Judge Carstens revoked Murray's suspended sentence.

 At the bottom of the "COURT MINUTES AND JUDGMENT" form, used by

---

**2.** Section 40–18–19, N.D.C.C., reveals:

"*Appeals from determinations of municipal judge.* An appeal may be taken to the district court or the county court from a judgment of conviction in a municipal court in accordance with the North Dakota Rules of Criminal Procedure. An appeal shall be perfected by notice of appeal. No appeal, bail, or supersedeas bond may be required on an appeal from a determination in a municipal judge's court. An appeal to the district court or county court, when perfected, transfers the action to such court for trial anew. That trial shall be conducted in accordance with procedures provided by rules promulgated by the supreme court. On all appeals from a determination in a municipal court, the appellate court shall take judicial notice of all of the ordinances of the city. No filing fee shall be required for the filing of an appeal from a judgment of conviction for the violation of a municipal ordinance."

**3.** Section 29–28–06, N.D.C.C., states:

"*From what defendant may appeal.*—An appeal may be taken by the defendant from:
1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party."

Judge Carstens on Murray's reckless driving conviction, it reads:

"I SENTANCE (sic) YOU TO PAY A FINE OF _____ AND COSTS OF _____ AND TO SERVE _____ DAYS IN THE WARD COUNTY JAIL. THE TIME IN JAIL WILL BE SUSPENDED UPON THE FOLLOWING CONDITIONS:

1. Pay or arrange to pay the fine and costs

\* \* \* \* \* \*

3. Probation good behavior for 23 mo. Credited 5 days 15 days suspended." [Emphasis added.]

The language presented in this document illustrates that Murray was given a conditional sentence, suspended upon his performing certain requirements which Murray failed to meet. The Kenmare Municipal Court revoked Murray's suspension pursuant to § 40–11–12, N.D.C.C., thereby committing him to the Ward County Jail for fifteen (15) days. Therefore, pursuant to § 29–28–06(5), N.D.C.C., and in accordance with this Court's holding in *Lesmeister, supra* at 59–60, the June 17 order issued by the municipal court is appealable. Accordingly, Murray should have been permitted to present the merits of his argument to the county court, limited to the issues presented by § 40–11–12, N.D.C.C., relating to the revocation of his suspended sentence and imprisonment.

The decision rendered by the Ward County Court, holding that it lacked jurisdiction to hear the merits of Murray's appeal from the June 17 municipal court order because it was not an appealable order, is reversed. We remand the matter back to the Ward County Court for a hearing limited to the issues presented by § 40–11–12, N.D.C.C., and the North Dakota Rules of Criminal Procedure. *See* § 40–18–19, N.D.C.C. Included within this hearing are questions involving Murray's failure to meet the conditions of his suspended sentence, issues concerning the possibility that Murray is indigent, and consideration of any information in mitigation of punishment Murray may present to the county court. *See* 40–11–12 and 40–18–19, N.D.C.C.; *also*, Rule 32(a)(1), N.D.R.Crim.P.

Reversed and remanded for further proceedings not inconsistent with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.