Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 172

City of Williston, Plaintiff and Appellee

v.

Kevin Werkmeister, Defendant and Appellant

No. 20140361

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

DISMISSED.

Opinion of the Court by VandeWalle, Chief Justice.

Taylor D. Olson, P.O. Box 417, Williston, N.D. 58802-0417, for plaintiff and appellee.

Chad R. McCabe, 402 East Main Avenue, Suite 100, Bismarck, N.D. 58501, for defendant and appellant.

City of Williston v. Werkmeister

No. 20140361

VandeWalle, Chief Justice.

[¶1] Kevin Werkmeister appealed from a district court order denying his appeal from a municipal court’s judgment and orders denying his motion to withdraw his guilty plea and his motion to reconsider.  We conclude we do not have jurisdiction, and we dismiss the appeal.

I

[¶2] On September 19, 2013, Werkmeister pled guilty to the charge of simple assault in violation of a city ordinance in Williston Municipal Court.  In December 2013, Werkmeister moved to withdraw his guilty plea, arguing withdrawal was necessary to correct a manifest injustice because the court failed to comply with the procedural requirements of N.D.R.Crim.P. 11.  The municipal court denied Werkmeister’s motion.  In February 2014, Werkmeister moved to reconsider.  In an April 17, 2014, order, the municipal court denied the motion, concluding Werkmeister failed to properly bring the motion under the correct procedural rule and the motion was untimely.

[¶3] On April 30, 2014, Werkmeister filed a notice of appeal, appealing to the district court from the “Judgment, and any and all adverse rulings, entered against him on April 17, 2014 . . . .”  The district court concluded Werkmeister was “out of time” to appeal from the judgment of conviction, but he filed post-judgment motions and it had jurisdiction under N.D.C.C. § 29-28-06(5).  The court also concluded the municipal court did not err in denying Werkmeister’s motion to withdraw his guilty plea or the motion for reconsideration, finding Werkmeister signed a notification of rights and acknowledgment, which fulfilled any requirement to establish a record that Werkmeister knowingly and voluntarily pled guilty.  

II

[¶4] Before we consider the merits of an appeal, we must have jurisdiction.  “‘Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed.’” 
Holbach v. City of Minot
, 2012 ND 117, ¶ 5, 817 N.W.2d 340 (quoting 
City of Bismarck v. Walker
, 308 N.W.2d 359, 361 (N.D. 1981)).  The North Dakota Constitution provides that the district court has appellate jurisdiction “as may be provided by law or by rule of the supreme court.”  N.D. Const. art. VI, § 8.  There is no constitutional right to an appeal.  
City of Grand Forks v. Riemers
, 2008 ND 153, ¶ 5, 755 N.W.2d 99.  The right to appeal is a statutory right and, if a right to appeal does not exist, this Court is without jurisdiction to consider the merits and we must dismiss the appeal.  
Holbach
, at ¶ 5.   

[¶5] Werkmeister contends this Court has jurisdiction because he appealed from an order affecting his substantial rights and he has a statutory right to appeal under N.D.C.C. § 29-28-06(5).  Generally, a defendant may appeal from:

1. A verdict of guilty;

2. A final judgment of conviction;

3. An order refusing a motion in arrest of judgment;

4. An order denying a motion for a new trial; or

5. An order made after judgment affecting any substantial right of the party.

N.D.C.C. § 29-28-06.  However, Werkmeister appealed from municipal court orders, and there are statutes and procedural rules that specifically govern a defendant’s appeal from municipal court. 

[¶6] Section 40-18-19, N.D.C.C., provides a defendant with the right to appeal from a municipal court judgment of conviction to the district court:

An appeal may be taken to the district court from a judgment of conviction or order deferring imposition of sentence in a municipal court in accordance with the North Dakota Rules of Criminal Procedure.  An appeal is perfected by notice of appeal.  A perfected appeal to the district court transfers the action to such district court for trial anew.

Rule 37, N.D.R.Crim.P., provides the procedure for appeals from the municipal court to the district court:

(a) 
Filing the Notice of Appeal.

(1) an appeal permitted by law as of right from a municipal court to the district court may be taken only by filing a notice of appeal with the municipal court clerk within the time allowed by Rule 37(b).

. . . .

(b) 
Time for Filing a Notice of Appeal.

(1) A defendant’s notice of appeal must be filed with the municipal court clerk within 30 days after the entry of the judgment or order being appealed.

. . . .

(d) 
Effect of a Motion on a Notice of Appeal.

(1) If a defendant timely makes any of the following motions under the North Dakota Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 30 days after the entry of the order disposing of the last such remaining motion, or within 30 days after the entry of the judgment of conviction, whichever period ends later:

(A) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 30 days after the entry of the judgment; or

(B) for arrest of judgment under Rule 34.

. . . .

(j) 
Effect and Scope of Appeal.
  A perfected appeal to the district court transfers the action for trial anew.  An appeal from a judgment of conviction constitutes an appeal from any verdict of guilty upon which the judgment is rendered.

[¶7] Although it may be questionable whether N.D.C.C. ch. 29-28 was intended to apply to appeals from municipal courts, 
see
 N.D.C.C. § 29-28-03 (an appeal to the supreme court provided for in this chapter may be taken as a matter of right), this Court has previously applied it to determine jurisdiction in appeals from municipal courts.  
See, e.g.
, 
City of Bismarck v. Uhden
, 513 N.W.2d 373, 379 (N.D. 1994); 
City of Minot v. Mattern
, 449 N.W.2d 560, 561 (N.D. 1989); 
City of Bismarck v. Hoopman
, 421 N.W.2d 466, 468-69 (N.D. 1988).  “‘When statutes relate to the same subject matter, this Court makes every effort to harmonize and give meaningful effect to each statute.’”  
State v. Glaser
, 2015 ND 31, ¶ 22, 858 N.W.2d 920 (quoting 
State v. Kuruc
, 2014 ND 95, ¶ 32, 846 N.W.2d 314).  Sections 29-28-06 and 40-18-19, N.D.C.C., and N.D.R.Crim.P. 37 can be read together.

[¶8] Section 40-18-19, N.D.C.C., specifically authorizes a defendant to appeal from a municipal court judgment of conviction or order deferring imposition of sentence in accordance with the North Dakota Rules of Criminal Procedure.  Rule 37, N.D.R.Crim.P., contains the procedural requirements for appeals from the municipal court to the district court, including requirements for appeals after post-judgment motions.  Section 40-18-19, N.D.C.C., and N.D.R.Crim.P. 37 are consistent with N.D.C.C. § 29-28-06, preserving a defendant’s right to appeal from guilty verdicts and final judgments of conviction and certain orders entered after conviction.  But N.D.C.C. § 40-18-19 and N.D.R.Crim.P. 37 also limit a defendant’s right to appeal from criminal proceedings in municipal courts.  To the extent N.D.C.C. § 29-28-06 conflicts with N.D.C.C. § 40-18-19 and N.D.R.Crim.P. 37, N.D.C.C. § 40-18-19 and N.D.R.Crim.P. 37 must be construed as an exception to N.D.C.C. § 29-28-06.  
See
 N.D.C.C. § 1-02-07 (stating when a general provision in a statute conflicts with a special provision in another statute, the special provision must be construed as an exception to the general provision).

[¶9] We have recognized appeals from municipal courts are unlike other appeals; the municipal court is not a court of record and any appeal to the district court is for a trial anew because there is no record for the district court to review.  
City of Fargo v. Komad
, 2006 ND 177, ¶ 11, 720 N.W.2d 619; 
see also
 
Uhden
, 513 N.W.2d at 380 (noting city may appeal pretrial suppression of evidence and dismissal, requires trial anew in which the city may present different evidence regarding suppression).  The Legislature exercised its authority in authorizing an appeal from municipal courts to the district court under N.D.C.C. § 40-18-19, and therefore an appeal from the municipal court must take the form of a “trial anew” and must be taken in accordance with the Rules of Criminal Procedure.  
Komad
, at ¶ 11.

[¶10] Section 40-18-19, N.D.C.C., allows a defendant to appeal from a municipal court judgment of conviction or order deferring imposition of sentence.  The defendant must file the notice of appeal within 30 days after entry of the judgment of conviction or order being appealed.  N.D.R.Crim.P. 37(b)(1).  If the defendant timely moves for a new trial or for arrest of judgment, the notice of appeal from the judgment of conviction must be filed within 30 days after entry of the order disposing of the last remaining motion or within 30 days after entry of the judgment, whichever occurs later.  N.D.R.Crim.P. 37(d).  The post-judgment motions may be filed no later than 30 days after entry of the judgment.  
See
 N.D.R.Crim.P. 37(d); 
see also
 N.D.R.Crim.P. 33 (motion for new trial based on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty); N.D.R.Crim.P. 34 (motion to arrest judgment must be filed within 14 days after verdict or finding of guilty or plea of guilty).  “[T]he judicial and legislative branches share authority when establishing the procedure for the appellate jurisdiction of the district court.”  
Komad
, 2006 ND 177, ¶ 10, 720 N.W.2d 619.  Section 40-18-19, N.D.C.C., and N.D.R.Crim.P. 37 limit a defendant’s time for appealing from a municipal court’s judgment of conviction and post-judgment orders.

[¶11] Werkmeister appealed “pursuant to Rule 37 of the North Dakota Rules of Criminal Procedure” from “the Judgment, and any and all adverse rulings, entered against him on April 17, 2014 . . . .”  The notice of appeal is dated April 30, 2014.  The municipal court judgment of conviction was entered on September 19, 2013.  Werkmeister’s motion to withdraw his guilty plea is dated December 13, 2013, and his motion to reconsider is dated February 11, 2014.  Werkmeister’s post-judgment motions do not extend the time for filing the notice of appeal under N.D.R.Crim.P. 37(d).  Werkmeister did not have a right to appeal to the district court from the municipal court’s post-judgment orders under N.D.C.C. § 40-18-19, and his appeal from the judgment of conviction was not timely and did not comply with N.D.R.Crim.P. 37.  “Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed.”  
City of Kenmare v. Murray
, 404 N.W.2d 513, 515 (N.D. 1987).  Werkmeister did not have a right to appeal, and therefore the district court did not have jurisdiction.  
Cf.
 
Mattern
, 449 N.W.2d at 561-62 (affirming county court dismissal of appeal from municipal court because statutory requirements for appeal were not met).  Because Werkmeister did not have a right to appeal from the municipal court order, we conclude we do not have jurisdiction.    

III

[¶12] We conclude we do not have jurisdiction, and we dismiss the appeal.  

[¶13] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom