2015 ND 193

**CITY OF DICKINSON, Plaintiff and Appellee**

v.

**Byishimo ETIENNE, Defendant and Appellant.**

**No. 20140472.**

Supreme Court of North Dakota.

Aug. 6, 2015.

Elizabeth A. Ebert, Dickinson, N.D., for plaintiff and appellee.

Ryan A. Keefe, Bismarck, N.D., for defendant appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Byishimo Etienne appealed from a district court judgment affirming a municipal court order denying his motion to vacate his guilty plea to a charge of simple assault domestic violence. We conclude we do not have jurisdiction, and we dismiss the appeal.

I

[¶ 2] In March 2013, the City of Dickinson charged Etienne with simple assault

domestic violence, alleging he violated Dickinson Municipal Code § 25.08.010. On March 21, 2013, Etienne personally appeared before the Dickinson municipal judge and signed a document stating that the judge had explained the notification of rights to Etienne and that he did not wish to consult with an attorney and waived his right to assistance of an attorney. Etienne also signed a notification of rights and acknowledgment, stating he had been orally informed of rights listed on a preprinted form and understood those rights, including that if he pled guilty, there would not be a trial of any kind and he would give up his right to a trial and to confront witnesses as well as his privilege against self-incrimination. On April 4, 2013, Etienne appeared without counsel and pled guilty to the charge.

[¶ 3] Etienne claimed he subsequently learned the deportation consequences of his conviction, and in May 2014, he moved to vacate his guilty plea. The municipal court denied Etienne's motion, ruling he failed to show either the court or the prosecutor had an obligation to inform him that deportation may result from his guilty plea. The municipal court concluded withdrawal of Etienne's guilty plea was not necessary to correct a manifest injustice.

[¶ 4] Etienne appealed to the district court, and the court ruled it had jurisdiction under N.D.C.C. § 29–28–06(5) to hear Etienne's appeal from the municipal court's decision denying his motion to vacate the guilty plea because the municipal court's decision affected Etienne's substantial rights. The district court nevertheless affirmed the municipal court's denial of Etienne's motion to vacate the guilty plea, concluding withdrawal was not necessary to correct a manifest injustice.

## II

[¶ 5] Etienne generally argues his guilty plea should be vacated to correct a manifest injustice. He argues the municipal court abused its discretion in denying his motion to vacate his guilty plea, because the municipal court had a constitutional obligation to notify him of possible immigration consequences of his guilty plea under the rationale of *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (holding the Sixth Amendment requires defense counsel to advise noncitizen defendants of immigration consequences of a guilty plea and failure to do so constitutes ineffective assistance of counsel). Etienne claims *Padilla* changed the principle that deportation is a collateral consequence of a criminal proceeding, which was the basis of this Court's decision in *State v. Dalman,* 520 N.W.2d 860 (N.D.1994) that sentencing courts need not inform defendants of collateral consequences of deportation for a guilty plea to be voluntary. Etienne cites F.R.Crim.P. 11(b)(1)(*o* ) and rules from other states to argue a sentencing court's colloquy with a noncitizen defendant before accepting a guilty plea must include a statement about immigration or deportation consequences.

[¶ 6] Before addressing Etienne's arguments, however, we must consider a jurisdictional issue. " 'Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed.' " *Holbach v. City of Minot,* 2012 ND 117, ¶ 5, 817 N.W.2d 340 (quoting *City of Bismarck v. Walker,* 308 N.W.2d 359, 361 (N.D.1981)). Under N.D. Const. art. VI, § 8, a district court has appellate jurisdiction "as may be provided by law or by rule of the supreme court." "There is no constitutional right to an appeal." *City of Williston v. Werkmeister,* 2015 ND 172, ¶ 4, 865 N.W.2d 429. "The right to appeal is a statutory right

and, if a right to appeal does not exist, this Court is without jurisdiction to consider the merits and we must dismiss the appeal." *Id.*

[¶7] The district court ruled it had jurisdiction to hear Etienne's appeal from the municipal court's decision under N.D.C.C. § 29–28–06(5), which authorizes a defendant to appeal from an order made after judgment affecting any substantial right of the defendant.

[¶8] In *Werkmeister*, 2015 ND 172, ¶¶ 1–3, 865 N.W.2d 429, we recently considered jurisdictional issues involved with a defendant's appeal to district court from a municipal court judgment of conviction entered upon his guilty plea to a charge of simple assault and from municipal court orders denying the defendant's motion to withdraw his guilty plea and his motion to reconsider. We explained the defendant initially appealed to the district court from the municipal court judgment and orders and discussed the interrelationship of N.D.C.C. § 29–28–06 with N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37, a statute and procedural rule specifically governing a defendant's appeal from a municipal court to the district court. *Werkmeister*, at ¶¶ 5–11.

[¶9] Section 40–18–19, N.D.C.C., provides that an "appeal may be taken to the district court from a judgment of conviction or order deferring imposition of sentence in a municipal court in accordance with the North Dakota Rules of Criminal Procedure ... [and a] perfected appeal to the district court transfers the action to such district court for trial anew." Rule 37, N.D.R.Crim.P., provides the procedure for appeals from a municipal court to the district court, including requirements for appeals after timely post-judgment motions for a new trial under N.D.R.Crim.P. 33, or for arrest of judgment under N.D.R.Crim.P. 34, and provides:

(a) Filing the Notice of Appeal.

(1) An appeal permitted by law as of right from a municipal court to the district court may be taken only by filing a notice of appeal with the municipal court clerk within the time allowed by Rule 37(b).

. . . .

(b) Time for Filing a Notice of Appeal.

(1) A defendant's notice of appeal must be filed with the municipal court clerk within 30 days after the entry of the judgment or order being appealed.

. . . .

(d) Effect of a Motion on a Notice of Appeal.

(1) If a defendant timely makes any of the following motions under the North Dakota Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 30 days after the entry of the order disposing of the last such remaining motion, or within 30 days after the entry of the judgment of conviction, whichever period ends later:

(A) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 30 days after the entry of the judgment; or

(B) for arrest of judgment under Rule 34.

. . . .

(j) Effect and Scope of Appeal. A perfected appeal to the district court transfers the action for trial anew. An appeal from a judgment of conviction constitutes an appeal from any verdict of guilty upon which the judgment is rendered.

[¶10] In *Werkmeister*, 2015 ND 172, ¶7, 865 N.W.2d 429, we said it may be questionable whether N.D.C.C. ch. 29–28

was intended to apply to appeals from a municipal court to the district court. We construed the relevant provisions together, and we concluded N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37 were consistent with N.D.C.C. § 29–28–06 and preserved a defendant's right to appeal from guilty verdicts and final judgments of conviction and certain orders after conviction. *Werkmeister*, at ¶¶ 7–8. We concluded, however, N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37 limited a defendant's right to appeal from criminal proceedings in municipal courts and, to the extent N.D.C.C. § 29–28–06 conflicts with N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37, we construed N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37 as an exception to N.D.C.C. § 29–28–06. *Werkmeister*, at ¶ 8. We said N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37 limit a defendant's time for appealing from a municipal court's judgment of conviction and certain post-judgment orders. *Werkmeister*, at ¶ 10.

[¶ 11] In *Werkmeister*, 2015 ND 172, ¶ 11, 865 N.W.2d 429, the defendant's April 30, 2014 notice of appeal to the district court stated the appeal was from the judgment, which was entered on September 19, 2013, and from adverse post-judgment rulings entered on April 17, 2014. The defendant's motion to withdraw his guilty plea was dated December 13, 2013, and his motion to reconsider was dated February 11, 2014. *Id.* We said the defendant's post-judgment motions in that case did not extend the time for filing a notice of appeal under N.D.R.Crim.P. 37(d), and he did not have a right to appeal to the district court from the municipal court's post-judgment orders under N.D.C.C. § 40–18–19. *Werkmeister*, at ¶ 11. We also concluded the defendant's appeal from the judgment was not timely and did not comply with N.D.R.Crim.P. 37. *Werkmeister*, at ¶ 11. We held that because the defendant did not have the right to appeal from the

municipal court order, the district court did not have jurisdiction and we did not have jurisdiction to consider the appeal. *Id.* at ¶¶ 11–12.

[¶ 12] Here, the municipal court entered a criminal judgment against Etienne on April 5, 2013, and he moved to vacate his guilty plea on May 13, 2014. The municipal court denied Etienne's motion on May 19, 2014, and issued an order extending to July 18, 2014, the time for Etienne to appeal to the district court. On July 18, 2014, Etienne appealed to the district court from the municipal court order denying his motion to vacate his plea. Etienne did not have a right to appeal to the district court from the municipal court's post-judgment order under N.D.C.C. § 40–18–19, and his post-judgment motions, which were made more than one year after entry of the judgment of conviction, did not extend the time for filing an appeal from the judgment under N.D.R.Crim.P. 37(d). *See Werkmeister*, 2015 ND 172, ¶ 11, 865 N.W.2d 429. Etienne did not exercise his right to appeal in the manner prescribed by N.D.C.C. § 40–18–19 and N.D.R.Crim.P. 37, and the district court did not have jurisdiction to hear the appeal. We therefore conclude we do not have jurisdiction to hear Etienne's appeal.

### III

[¶ 13] We dismiss the appeal.

[¶ 14] LISA FAIR McEVERS, CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.