# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 247

State of North Dakota,

Plaintiff and Appellant

v.

Levi T. Conry,

Defendant and Appellee

## No. 20200101

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Kelly J. Moe, Assistant State's Attorney, Watford City, ND, for plaintiff and appellant.

Philip Becher (argued) and Elisabeth E. Hewett (on brief), Minot, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   The State appeals from a district court order, arguing the district court erred by not ordering restitution. Because this Court does not have jurisdiction, we dismiss the appeal.

I

[¶2]   Conry was charged with leaving the scene of an accident involving damage to a motor vehicle. Conry entered into a plea agreement with the State and pleaded guilty. As part of the agreement Conry received a deferred imposition of sentence on the charge of leaving the scene of an accident involving damage to a motor vehicle. The district court accepted the plea agreement and imposed conditions on Conry according to the terms of the plea agreement. The order deferring imposition of sentence stated: "The Court reserves jurisdiction to determine restitution within 90 days."

[¶3]   The State subsequently submitted a statement seeking $11,352.93 in restitution. Conry requested a hearing after which the district court entered an order denying the restitution claim in its entirety. The court found the terms of the plea agreement allowed the court to order no restitution. The State appeals from that order.

II

[¶4]   The State argues the district court abused its discretion by applying the restitution statute to Conry's plea agreement. The State argues the court abused its discretion by denying a term of the plea agreement after entering a judgment based on the agreement.

[¶5]   "The right of appeal in this state is purely statutory and is a jurisdictional matter which we will consider sua sponte." *Jassek v. North Dakota Workforce Safety & Ins.*, 2013 ND 69, ¶ 6, 830 N.W.2d 582. We must have jurisdiction before an issue can be considered on appeal. *Rahn v. State*, 2007 ND 121, ¶ 7, 736 N.W.2d 488 (citing *City of Grand Forks v. Lamb*, 2005

ND 103, ¶ 5, 697 N.W.2d 362). "[I]f a right to appeal does not exist, this Court is without jurisdiction to consider the merits and we must dismiss the appeal." *City of Dickinson v. Etienne*, 2015 ND 193, ¶ 6, 867 N.W.2d 673 (quoting *City of Williston v. Werkmeister*, 2015 ND 172, ¶ 4, 865 N.W.2d 429).

[¶6]  The State's right to appeal in criminal cases is laid out in N.D.C.C. § 29-28-07. The State may take appeal from:

> "1. An order quashing an information or indictment or any count thereof.
> 2. An order granting a new trial.
> 3. An order arresting judgment.
> 4. An order made after judgment affecting any substantial right of the state.
> 5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the notice of appeal."

N.D.C.C. § 29-28-07.

[¶7]  Whether the State possesses a substantial right to restitution is an issue of first impression for this Court. The Nebraska Supreme Court recently answered a similar question in the context of whether an order appointing indigent counsel was appealable:

> "Numerous factors determine whether an order affects a substantial right for purposes of appeal. The inquiry focuses on whether the right at issue is substantial and whether the court's order has a substantial impact on that right. Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. It also depends on whether the right could otherwise effectively be vindicated. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review."

2

*State v. Fredrickson*, 939 N.W.2d 385, 390 (Neb. 2020) (citations omitted). In *Frederickson*, the court concluded the order appointing counsel was neither a judgment nor a final appealable order. *Id.* at 392.

[¶8]   While no state has determined whether restitution is a substantial right of the state, most courts strictly limit the state's ability to appeal restitution orders based on whether that right is included in their appealability statute. *See State v. Maddex*, 159 So.3d 267, 269 (Fla. Dist. Ct. App. 2015) (the State's right to appeal in criminal cases must be expressly granted by statute and Fla. Stat. § 924.07(1)(k) provides State with right to appeal order denying restitution); *State v. Sosebee*, 382 S.E.2d 681, 681-82 (Ga. Ct. App. 1989) (statute providing grounds for State appeals in criminal cases must be strictly construed against the State and did not provide for right to appeal restitution orders, leaving court without jurisdiction to review order denying restitution); *State v. Crespo*, 1997 WL 206797 (Tenn. Crim. App. 1997) (State had no right to appeal restitution order where statute did not provide for that right at the time); *State v. Stirba*, 972 P.2d 918, 920 (Utah 1998) (overturned on other grounds) (citing Utah Code Ann. § 77-18a-1(2), explaining statute precluded State from filing appeal based on restitution order).

[¶9]   Here, the State argues it possesses a substantial right to restitution. However, we find the *Fredrickson* factors useful and, using them, conclude the State's right to restitution is less substantial than it attempts to assert. Under those factors, whether the State possesses a substantial right to restitution depends on: (1) whether an order affects the right to restitution with finality; (2) whether the right could otherwise effectively be vindicated; and (3) whether the right is significantly undermined or indefinitely lost without appellate review.

[¶10]   Considering the factors, an order for restitution affects with finality the State's ability to obtain recompense for a crime victim. Thus, the first factor is satisfied in favor of recognizing a substantial right. The second factor regarding whether restitution is otherwise available is resolved against recognizing a substantial right. As noted by the district court, the victim can seek recovery of damages independent from any action by the State. *See State*

*v. Kostelecky*, 2018 ND 12, ¶ 12, 906 N.W.2d 77 (explaining N.D. Const. art. I, § 25(1)(n) does not change the restitution a district court may order in a civil action); N.D.C.C. § 32-03-09.1 (providing the measure of damages for injury to property not arising from contract). The state obtaining restitution on behalf of the victim does not prohibit the victim from commencing a civil action to recover other or additional damages suffered as a result of the crime, although any recovery received through restitution must be deducted from damages awarded in a civil action for the same incident. *See State v. Leingang*, 2009 ND 38, ¶ 13, 763 N.W.2d 769 (explaining payments under a restitution order must be deducted from damages awarded in a civil action arising from the same incident). Therefore, the victim's ability to recover damages weighs against concluding the denial of restitution requested by the State is an order affecting the State's substantial right. The final inquiry is whether the right of restitution will be undermined or lost without appellate review. Because the victim can maintain a civil action seeking recovery of damages, we conclude for the third factor, as we did for the second factor, that the State does not have a substantial right to vindicate on appeal.

[¶11] The State has no statutory right to appeal a restitution order in a criminal case. We therefore dismiss the appeal from the district court order.

[¶12] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

4

IN THE SUPREME COURT
STATE OF NORTH DAKOTA

**JUDGMENT**

Supreme Court No. 20200101
McKenzie County Case No. 2018-CR-01404

Appeal from the district court for McKenzie County.

**State of North Dakota,**                     **Plaintiff and Appellant**
    **v.**
**Levi T. Conry,**                             **Defendant and Appellee**

[¶1]    This appeal having been heard by the Court at the October 2020 Term before:

[¶2]    Chief Justice Jon J. Jensen, Justice Gerald W. VandeWalle, Justice Daniel J. Crothers, Justice Lisa Fair McEvers, and Justice Jerod E. Tufte;

[¶3]    and the Court having considered the appeal, it is ORDERED AND ADJUDGED that the appeal is DISMISSED.

[¶4]    This judgment, together with the opinion of the Court filed this date, constitutes the mandate of the Supreme Court on the date it is issued to the district court under N.D.R.App.P. 41.

Dated: November 23, 2020

By the Court:



Jon J. Jensen
Chief Justice

ATTEST:

Petra H. Mandigo Hulm
Clerk